## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| **CHERYL LEACE, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Case No. _____**<br>**[On Removal from the Circuit Court** |
| **v.** | ) ) | **of the Seventeenth Judicial Circuit**<br>**in and for Broward County,** |
| **GENERAL MOTORS LLC,** | ) ) | **Case No. CACE-21-004374]** |
| **Defendant.** | ) ) ) | |

### GENERAL MOTORS LLC'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant General Motors LLC ("General Motors") hereby removes the above-captioned action, *Cheryl Leace v. General Motors LLC*, Case No. CACE-21-0043474 (the "State Court Action"), from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. General Motors hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive

of interest and costs.  As set forth below, this case meets all of CAFA's requirements for original jurisdiction and removal and is timely and properly removed by the filing of this Notice.

## VENUE

2.      The State Court Action was filed in Broward County. Therefore, venue properly lies in the United States District Court for the Southern District of Florida.  *See* 28 U.S.C. §§ 89(c), 1391.

## PLEADINGS, PROCESS, AND ORDERS

3.      On or about March 2, 2021, Plaintiff Cheryl Leace ("Plaintiff") filed the State Court Action, individually and on behalf of all persons she claims to be similarly situated.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the docket (attached as **Exhibit A**), and all process, pleadings, orders, and other documents, including the Complaint and Summons, are attached as Composite **Exhibit B**.  Contemporaneous with the filing of this Notice of Removal, General Motors has served a Notice of Filing Notice of Removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **Exhibit C**.  The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

4.      According to the allegations in the Complaint, Plaintiff and the members of the putative class she purports to represent are Florida residents whose electronic communications were purportedly intercepted by General Motors without their prior consent. *See generally* Ex. A, Class Action Complaint ("Complaint" or "Compl.").

5.      The Complaint alleges one count for the alleged violation of the Florida Security of Communications Act §§ 934.01, *et seq*. (the "FSCA"). *See* Ex. A, Compl. ¶¶ 30- 41.

## SERVICE ON THE STATE COURT

6.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing

will be given by the undersigned to Plaintiff (via Plaintiff's counsel of record), and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**TIMELINESS OF REMOVAL**

7.   General Motors was served with a copy of the Summons and Complaint on March 4, 2021. This Notice has been filed within thirty (30) days after General Motors was served with a copy of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

**ORIGINAL JURISDICTION PURSUANT TO CAFA**

8.   This putative class action is within the Court's original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

9.   The Supreme Court has instructed that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating*, 547 U.S. at 89.  Rather, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dudley v. Eli Lilly & Co*., 778 F.3d 909, 912 (11th Cir. 2014) (quoting S. Rep. No. 109–14, p. 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41); *see also Evans v. Walter Indus., Inc*., 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions.").

10.   This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a).  As set forth more fully below, this is a civil putative class action wherein: (1) the proposed class contains at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; (4) the total amount in controversy for all class members exceeds $5 million, exclusive of interest and costs; and (5) none of the exceptions to CAFA

3

jurisdiction applies.  CAFA authorizes removal of such actions. 28 U.S.C. §§ 1441, 1446, 1453. As discussed below, this case meets each CAFA requirement for removal.

### *The Proposed Class Contains At Least 100 Members in the Aggregate*

11.     Plaintiff purports to bring a claim on behalf of a putative class of individuals she defines as: "All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." Ex. A, Compl. ¶ 20 (the "Putative Class").

12.     Plaintiff alleges that the Putative Class includes no less than 100 people. Ex. A, Compl. ¶ 22. Therefore, CAFA's 100-person requirement is satisfied.  *See Kelly v. State Farm Mut. Auto. Ins. Co*., No. 5:10-cv-194-Oc-32GRJ, 2010 U.S. Dist. LEXIS 145840, at *9-10 (M.D. Fla. Sept. 23, 2010) (concluding that "CAFA's 100 person requirement" is satisfied because "Plaintiffs have alleged in the First Amended Class Complaint that it is believed the class contains more than 1,000 persons").

### *Minimal Diversity Exists*

13.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from any defendant.  28 U.S.C. §§ 1332(d)(2)(A), 1453.

14.     Plaintiff alleges that she is a citizen of Florida.  Ex. A, Compl. ¶ 5.

15.     General Motors is a Delaware limited liability company with its principal place of business in Michigan.  General Motors has a single member, General Motors Holdings LLC, which is a Delaware limited liability company with its principal place of business in Michigan.  General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. *See* Declaration of Alex G. Cavanaugh, Counsel for General Motors LLC, attached hereto as **Exhibit D**. Thus, General Motors is a citizen of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed

to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

16.     Because at least one member of the putative class, including Plaintiff, is a citizen of Florida, and General Motors is a citizen of Delaware and Michigan, CAFA's minimal diversity requirement is met.

### *No Defendant Is a Governmental Entity*

17.     General Motors, the only Defendant, is a for-profit corporation.  Accordingly, no defendant is a state, state official, or other governmental entity.

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*[1]

18.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 547 U.S. at 89; *see also Dudley*, 778 F.3d at 912 ("[A]ll that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation.") (alterations, internal quotation marks, and citation omitted).

19.     Based upon Plaintiff's allegations and theories, the amount in controversy exceeds $5,000,000 in the aggregate for the putative class, exclusive of interest and costs.

---

[1] Though General Motors disputes that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff and the members of the putative class can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *Dudley*, 778 F.3d at 913.

20.     Specifically, Plaintiff alleges that General Motors illegally intercepted "Plaintiff's and the Class [M]embers' electronic communications when they visited" General Motors' website. Ex. A, Compl. ¶ 35; *see also id*. at ¶¶ 10-19, 36.  Plaintiff asserts that these alleged interceptions violate the FSCA, and that, pursuant to the Civil Remedies provision of that statute (Fla. Stat. § 934.10), "Plaintiff and the other members of the putative Class were harmed and are each entitled to 'liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]'" *Id*. at ¶ 39; *see also* Wherefore Clause immediately after *id*. ¶ at 41 (seeking "actual, liquidated damages, and/or punitive statutory damages" for her and members of the putative class).  As indicated by the Declaration of Stephanie Whittington-Rainge (attached hereto as **Exhibit E**), over 5,000 unique individuals residing in Florida visited General Motors' website in the time prior to Plaintiff filing the State Court Action. Ex. E. ¶ 3. As a result, based on Plaintiff's allegations in the Complaint, the amount in controversy exceeds $5,000,000 (more than 5,000 unique individuals x $1,000 per person), exclusive of interest and costs.

21.     While CAFA's amount in controversy threshold is easily satisfied based on the request for liquidated damages of at least $1,000 per putative class member, the Complaint requests other forms of relief that also must be considered in the amount in controversy and that further demonstrate that CAFA's jurisdictional threshold is satisfied:

•     **Reasonable attorneys' fees**. While the typical rule is "that attorneys' fees do not count towards the amount in controversy," courts can and do consider attorneys' fees in determining the amount in controversy "when allowed for by statute or by contract." *Lee-Bolton v. Koppers Inc*., 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (denying plaintiff's motion to remand and finding that because plaintiffs were entitled to recovery under the Florida Water Quality Assurance Act, "inclusion of attorney's fees in the calculation of the amount in controversy in a

class action like this case, further supports the conclusion that the amount in controversy in this case is well in excess of $5,000,000"); *see also Desmond v. CitiMortgage, Inc*., No. 12-23088-CIV, 2013 U.S. Dist. LEXIS 192299, at *3-4 (S.D. Fla. May 24, 2013) (denying a motion to remand a FSCA action and holding that 'Plaintiffs have not plead a specified amount of damages, nor have Plaintiffs estimated the amount of attorneys' fees which might be awarded if Plaintiffs are successful - such amounts must be considered when assessing the amount in controversy."). The FSCA allows for recovery of "reasonable attorney's fees and other litigation costs reasonably incurred" for violations of Fla. Stat. § 934.03 as alleged here. Fla. Stat. § 934.10(1)(d). And federal courts have routinely considered prospective (*i.e.*, post-removal) attorneys' fees through trial in determining amount in controversy. *See, e.g., Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *14 (M.D. Fla. May 11, 2005); *see also Francis v. Allstate Ins. Co*., 709 F.3d 362, 369 (4th Cir. 2013); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). While it is impossible to say with certainty at this stage what attorneys' fees will be reasonably expended by Plaintiff's counsel in this matter, plaintiffs' lawyers routinely receive hundreds of thousands of dollars in fees in privacy and data breach litigation. *See, e.g., Deloris Gaston, et al., v. LexisNexis Risk Solutions Inc., et al*., No. 5:16-cv- 00009 (W.D.N.C.), Dkt. No. 163-1 at 17-18 (settlement agreement allowing up to $5,130,000 in attorneys' fees); *McDonald et al. v. Kiloo ApS et al*., No. 3:17-cv-04344 (N.D. Cal.), Dkt. No. 363 at 15 (seeking $9,045,000 in attorney's fees and expenses).

• **Declaratory and injunctive relief**. The value to the class of the requested declaratory and injunctive relief must also be included in assessing the amount in controversy and is further evidence CAFA's jurisdictional threshold is satisfied. *S. Fla. Wellness v. Allstate Ins. Co*., 745 F.3d 1312, 1316 (11th Cir. 2014).

22.     In sum, the Complaint places in controversy at least $5,000,000, and CAFA's jurisdictional threshold is satisfied.

### *The Exceptions to CAFA Do Not Apply*

23.     None of the exceptions to CAFA jurisdiction applies here. *See* 28 U.S.C. §§ 1332(d)(3-4).

24.     In any event, the burden to prove the applicability of an exception to jurisdiction under CAFA rests with the party opposing removal. *Breuer v. Jim's Concrete of Brevard, Inc*., 538 U.S. 691, 698 (2003) (finding that once a defendant establishes removal is proper, "the burden is on a plaintiff to find an express exception"). Accordingly, it is not General Motors' burden to demonstrate that exceptions to CAFA do not apply.

### CONCLUSION

25.     In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than General Motors (i.e., there is minimal diversity); (3) no defendant is a state, state official, or other governmental entity; (4) the total amount in controversy exceeds $5,000,000, exclusive of interest and costs; (5) no exception to CAFA applies; and (6) the procedural requirements for removal, including under 28 U.S.C. § 1446, have been met.

26.     Accordingly, federal subject matter jurisdiction over this action exists.

27.     General Motors reserves the right to amend this Notice of Removal.

WHEREFORE, General Motors removes the Action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County to this Court.

Dated: April 2, 2021.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600

By:    /s/ Aldo M. Leiva
Florida Bar No.: 116424
aleiva@bakerdonelson.com

and

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
200 South Orange Ave., Ste. 2900
Post Office Box 1549
Orlando, Florida 32801
Telephone: (407) 422-6600
Facsimile:  (407) 841-0325
Hal K. Litchford
Florida Bar No.: 272485
hlitchford@bakerdonelson.com
Mikhal Wright
Florida Bar No.: 117174
mwright@bakedonelson.com

*Counsel for Defendant General Motors*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 2nd day of April, 2021, a true and correct

copy of the foregoing was provided via email to the following:

>
> Andrew J. Shamis
> Shamis & Gentile, P.A.
> ashamis@shamisgentile.com
> 14 NE 1st Avenue, Suite 705
> Miami, Florida 33132
>
> Scott Edelsberg, Esq.
> Edelsberg Law, PA
> scott@edeslberglaw.com
> 20900 NE 30th Ave., Suite 417
> Aventura, FL 33180
>
> Manuel Hiraldo, Esq.
> Hiraldo P.A.
> mhiraldo@hiraldolaw.com
> 401 E. Las Olas Blvd., Suite 1400
> Fort Lauderdale, FL 33301
>
> *Counsel for Plaintiff and Proposed Class*
>
>                    */s/ Aldo M. Leiva*
>                    Aldo M. Leiva